# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| CYNTHIA R. ROBERTSON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CV414-103 |
| INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, | ) ) ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

As she did over a half decade ago in *Robertson v. International Longshoremen's Association*, CV409-067, doc. 1 (S.D. Ga. Apr. 9, 2009) plaintiff Cynthia R. Robertson seeks leave to file, without prepayment of the Court's filing fee, her employment-discrimination case against the "Lathorpe Ave, ILA." Doc. 1 at 1 ¶ 2. The Court takes that to mean, again, the International Longshoreman's Association (ILA).[1] Doc. 1.

The Court will grant leave to proceed *in forma pauperis* (IFP) if the

---

1 The Court has amended the above caption to reflect the proper name of the defendant. The Clerk is **DIRECTED** to amend the docket caption accordingly, and all subsequent filings shall conform.

1

plaintiff demonstrates that she cannot, because of poverty, afford to pay the costs of litigation and still provide for herself and any dependents. 28 U.S.C. § 1915(a); *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948); *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2007). While Robertson need not be absolutely destitute, the fact that financing her own litigation may cause some difficulty is not sufficient to relieve her of her obligation to pay her own way if she can do so without undue hardship. *Adkins*, 335 U.S. at 339-340.

Robertson, who remains employed by the ILA and "work[s] as needed," says she makes "$500 or more" a week and has $600 in her checking account but claims she does "not know" how much money she has received in wages, salary (etc.) for the past 12 months." Doc. 2 at 2. She evidently owns two cars outright (she lists no related debt on them). *Id.* Plaintiff claims she owes "about $7,000" in "hospital bills." *Id.* at 3. But five years ago she listed the same exact ($7,000) hospital debt -- to "Candler Hospital" -- plus another $7,000 owed to "Memorial Hospital." CV409-067, doc. 1 at 3. It is simply not common, nor believable, to have medical bills in the same amount ($7,000) five years apart. She also lists

(in her current IFP motion) one dependent, CV414-103, doc. 2 at 3, down from three previously, CV409-067, doc. 1 at 3, but that dependent ("Norman Davis 3 years old") does not live with her. CV414-103 at 3.

The Court should deny Robertson's IFP motion. Doc. 2. She can easily review her pay stubs and figure out what she had made over the last 12 months -- something she was able to do five years ago. CV409-067, doc. 1 at 1. The Court simply does not believe her claim that she "do[es] not know." CV414-103, doc. 2 at 1. She also owns two vehicles -- evidently outright -- and she has failed (as instructed by the Court's IFP form) "describe . . . [their] approximate value." *Id* at 3. And to "work as needed" denotes discretion to work when one wants, which is not an indication of IFP-level impoverishment.

In short, Robertson -- whose last case against this defendant was dismissed as baseless, CV409-067, doc. 36, and who advances an encore performance here[2] -- has failed to convince this Court that she qualifies

---

2 She brings her case under Title VII. Docs. 1 & 2. Title VII makes it unlawful for an employer to 'discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.' 42 U.S.C. § 2000e-2(a)(1)." *Bryant v. Dougherty County School System*, 382 F. App'x 914, 916 n. 1 (11th Cir. 2010); *see also Reeves v. DSI Sec. Services*, 331 F. App'x 659, 662 (11th Cir. 2009). Robertson, complains that

3

for IFP status. Her IFP motion, then, must be **DENIED**. Doc. 1. Her letter-motion[3] for appointment of counsel is also **DENIED**. Doc. 3. Finally, if plaintiff files a Fed. R. Civ. P. 72(b)(2) Objection to this ruling, she must include with it documentary evidence of her $7,000 hospital debt claim, and expressly cite to 28 U.S.C. § 1746 in declaring, under penalty of perjury, that the information she has conveyed to this Court is true.[4] *See*

---

she has been "treated differently," doc. 2 at 3, suffered "retaliation," *id.* at 4, and that "it has been an ongoing thing since 2007." *Id.* at 4. That is the totality of her allegations, and they come nowhere close to stating a claim.

3   Parties should submit to this Court formal complaints, petitions, motions, briefs, and Fed. R. Civ. P. 72(b)(2) Objections, *not* letters. Letters also can get lost, while complaints, motions and briefs are filed in the record of each case. This creates a public record of a matter presented for the Court's consideration. *See In Re: Unsolicited Letters to Federal Judges*, 126 F. Supp. 2d 1073 (S.D. Ga. 2000).

4   Because it is too easy to lie by omission, courts have required the supporting IFP affidavit to present impoverishment facts with "particularity, definiteness, and certainty." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960). Courts deny IFP status, for that matter, if a plaintiff deliberately fails to report available assets. *See, e.g., Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 517-19 (11th Cir. 1991) (upholding IFP denial because it appeared that the applicant had access to an unknown amount of money either through his family, his extortion activities, or his legal work on behalf of fellow inmates).

Manipulative behavior also supplies grounds for denial. *See, e.g., Collier v. Tatum*, 722 F.2d 653, 655 (11th Cir. 1983) (authorizing the lower court to examine the plaintiff's financial dealings during the time period immediately preceding the filing of the suit to determine whether he had intentionally shifted or wasted assets that he otherwise could have used to finance the action); *Clifton v. Velasco*, 300 F. Supp. 2d 629, 630-31 (N.D. Ill. 2003) (prisoner denied IFP where balance in prison account was adequate to pay fee and withdrawals from trust account for deposits to private savings account indicated less than full disclosure of his financial

28 U.S.C. § 1746 (permitting written, unsworn declaration subscribed in proper form as true under penalty of perjury to substitute for an affidavit).

**SO REPORTED AND RECOMMENDED** this 21st day of July, 2014.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

situation). And lying to this Court, of course, warrants not only IFP denial but also criminal sanctions. *United States v. Roberts*, 308 F.3d 1147, 1155 (11th Cir. 2002); *Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F. Supp. 2d 1376, 1378 n. 2 (S.D. Ga. 2012).

5